UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT C. DOBKIN, et al.,<br><br>Defendants. | Case No.  5:21-cv-09285-EJD<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 43 |

The U.S. Securities and Exchange Commission brings this civil action for insider trading against Defendants Robert C. Dobkin, Cynthia Braun, Michael Fiorillo, and Jeffrey S. Gregersen. Defendants are also allegedly under criminal investigation in the District of Massachusetts, and they have moved for a second stay of this civil action pending confirmation that they will not be indicted. For the following reasons, the Court DENIES Defendants' motion to stay.

**I.   BACKGROUND**

   **A.   Facts**

From August 2015 through July 2016, Linear Technology Corporation ("Linear") and Analog Devices, Inc. ("Analog") were engaged in negotiation discussions for Analog to acquire Linear. Compl. ¶¶ 18-27. Defendant Robert Dobkin—Linear's co-founder and Chief Technical Officer—learned of and was involved in these negotiations. *Id.* ¶ 2.

Before news of the merger was available to the public, Dobkin allegedly tipped information regarding the merger to two of his close friends, Defendants Cynthia Braun and Michael Fiorillo. *Id.* ¶ 2. Fiorillo then tipped his sister and brother-in-law, as well as his friend

Defendant Jeffrey Gregersen. *Id.* By the time the merger was announced, all Defendants had collectively bought hundreds of Linear call options and thousand of Linear shares. *Id.* ¶ 3.

On July 26, 2016, a news article reported rumors of a merger between Analog and Linear. Id. ¶ 30. Within a few hours, Linear and Analog issued a press release announcing their merger. *Id.* ¶ 31. By the close of July 26, Linear's stock price had increased 29% from its closing price the day before. *Id.* ¶ 32. On July 27, the day after, Defendants all sold their Linear stock and collectively realized total profits of more than $325,000. *Id.* ¶ 4.

On March 17, 2021, Defendants Dobkin, Braun, and Fiorillo were notified that they were targets of an investigation by an Assistant U.S. Attorney in the District of Massachusetts.[1] Dkt. Nos. 32-1; 32-2; 32-3.

### B. Procedural History

The SEC filed the present Complaint on December 1, 2021, alleging one claim for violations of the Exchange Act Section 10(b) and Rules 10b-5. The Complaint seeks injunctive relief and civil monetary penalties. Dkt. No. 1.

On March 12, 2022, the SEC and remaining Defendants filed a joint motion to stay this action pending the conclusion of the ongoing criminal investigation in the District of Massachusetts. Dkt. No. 32. In that motion, Defendants represented that the statute of limitations applicable to the relevant alleged criminal violations would expire on July 27, 2022. *Id.* at 1. On March 16, the Court granted the motion and stayed the case until July 30, 2022. Dkt. No. 39.

On August 19, 2022, Defendants brought the instant motion to stay. They claim that, although the statute of limitations appears to have run, neither the Department of Justice nor the SEC have confirmed that (1) the Defendants have not been charged, (2) Defendants are no longer targets, (3) the statute of limitations has expired, or (4) the Department of Justice has declined prosecution. Mot. ¶ 11. The SEC opposes any further stay of this action. Dkt. No. 45.

---

[1] On March 3, 2022, the SEC filed a notice that Gregersen had accepted an offer of judgment, and the Court entered judgment against Gregersen on August 11, 2022. Dkt. Nos. 26, 42.

Case No.: 5:21-cv-09285-EJD
ORDER DENYING MOTION TO STAY

2

## II. DISCUSSION

### A. Legal Standard

"In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (alterations omitted). Nonetheless, a district court may exercise "its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (alterations omitted). The party seeking a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In *Keating v. Office of Thrift Supervision*, the Ninth Circuit laid out several factors for a district court to weigh when considering this question: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; . . . (5) the interest of the public in the pending civil and criminal litigation," in addition to the extent that the defendant's Fifth Amendment rights are implicated. 45 F.3d at 325.

### B. Analysis – *Keating* Factors

The Court first addresses the degree to which Defendants' Fifth Amendment rights are implicated before addressing the other five *Keating* factors.

#### 1. Defendants' Fifth Amendment Rights

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. Furthermore, the case for Fifth Amendment implication is "'a far weaker one' when 'no indictment has been returned.'" *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

Here, Defendants have not been indicted, and they have not cited any case where a district court stayed a civil proceeding in the absence of a criminal indictment. Mot. 6-7. To the contrary, they cite to *Carlson v. City of Redondo Beach*, where the district judge had expressly rejected the

Case No.: 5:21-cv-09285-EJD
ORDER DENYING MOTION TO STAY

3

same kind of speculative argument Defendants make here, *i.e.*, that "there is a *possibility* that their Fifth Amendment rights may be implicated at some point because this case involves the same facts as the pending criminal investigation." *Carlson v. City of Redondo Beach*, 2020 WL 7714699, at *2 (C.D. Cal. Dec. 29, 2020) (emphasis in original) ("Thus, what Defendants request, essentially, is an indefinite stay of this action until the District Attorney decides whether to seek indictments against the Officers."). Here, not only is the risk of parallel criminal proceedings speculative, but Defendants have also acknowledged that the criminal statute of limitations appears to have expired for the conduct at issue. Mot. 4 ("Based on the Defendants' analysis, the limitations deadline in the parallel criminal investigation should have expired on or about July 27, 2022 as to all Defendants."). Given that Defendants have not been criminally indicted and the criminal statute of limitations appears to have expired (Mot. 3-4), the Court finds that Defendants' Fifth Amendment rights would be minimally implicated by this civil action, if at all.

### 2. *Keating* Factors

Additionally, Defendants have not shown that a stay is warranted under any of the other *Keating* factors. To begin, the first factor considers the SEC's interest in proceeding expeditiously with the litigation. Here, the SEC has a strong interest in expeditiously obtaining its requested injunctive relief to prevent Defendants from repeating their allegedly wrongful conduct. Compl. at 13. Further delay would also prejudice the SEC's ability to obtain civil discovery, as "witnesses may die or move away, memories may fade, evidence may be lost or become stale, or enforcement resources may be diverted." *C.F.T.C. v. Fin. Tree*, 2021 WL 600959, at *4 (E.D. Cal. Feb. 16, 2021). These interests are not diminished by Defendants' argument that the SEC conducted its investigation years ago and filed its Complaint shortly before the statute of limitations had lapsed. Mot. 7. This factor weighs soundly in the SEC's favor.

Regarding the second *Keating* factor, the burdens that Defendants cite—that civil discovery would expose their criminal defenses and unfairly expand the scope of criminal discovery, Mot. 7-8—are largely inapposite where the civil defendants have not even been indicted. Defendants' concerns hinge entirely on the impact of civil discovery on a hypothetical

Case No.: 5:21-cv-09285-EJD
ORDER DENYING MOTION TO STAY
4

criminal proceeding that does not exist and may never exist. These speculations do not satisfy Defendants' burden and, even if these fears come to pass, "less drastic protective measure exist to minimize any resulting prejudice to Defendants." *Carlson*, 2020 WL 7714699, at *3. In the absence of any other non-speculative burdens on Defendants, this factor also is in the SEC's favor.

The Court's convenience and judicial economy—the third *Keating* factor—typically weighs against further delay, as the Court has an "interest in clearing its docket." *Molinaro*, 889 F.2d at 903. Although Defendants cite considerations to stay civil proceedings to allow a criminal action to proceed first, Mot. 8, "judicial efficiency is not furthered by waiting indefinitely for a resolution that may never come." *Chrome Hearts LLC v. Old Sch. Fairfax Inc.*, 2017 WL 8943005, at *5 (C.D. Cal. Aug. 25, 2017). Accordingly, this factor weighs against a further stay.

Finally, the fourth and fifth *Keating* factors account for the interests of non-parties and the public, respectively. Neither party has identified any third parties who would have an interest in this matter. Mot. 8; Opp. 8. However, the public does have an interest in the "speedy resolution of the controversy." *Keating*, 45 F.3d at 326. To the extent the public may have an interest in maintaining the integrity of criminal proceedings, those interests are diminished where no such proceedings exist. Mot. 9 (citing *S.E.C. v. Alexander*, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010)). Accordingly, the fourth factor favors neither party, and the fifth factor favors the SEC.

Taken together, four factors weigh against granting a stay, while one factor is neutral. The Court finds that Defendants have failed to meet their burden to show a stay is warranted.

## III. CONCLUSION

Defendants' motion to stay is DENIED. The parties are ORDERED to comply with the schedule set forth in the Court's August 9, 2022 Case Management Order. Dkt. No. 41.

**IT IS SO ORDERED.**

Dated: November 14, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-09285-EJD
ORDER DENYING MOTION TO STAY

5